586 S.E.2d 589

**In the Matter of Michael E. ATWATER, Respondent.**

**No. 25718.**

Supreme Court of South Carolina.

Submitted July 14, 2003.
Decided Sept. 15, 2003.

Henry B. Richardson, Jr., and Michael S. Pauley, both of Columbia, for the Office of Disciplinary Counsel.

Michael E. Atwater, of Columbia, Pro Se.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of any sanction set forth in Rule 7(b), RLDE, Rule 413, SCACR.

Respondent has also filed a motion asking the Court to allow him to supplement the record with an affidavit in mitigation and to allow him to personally appear before the Court regarding the agreement or, in the alternative, to remand the matter to the Commission on Lawyer Conduct for further review of the agreement in light of his affidavit in mitigation. We deny respondent's request for oral argument as well as his request to remand the matter to the Commission; however, we grant his request to supplement the record with the affidavit in mitigation and the affidavit has been considered in reaching the decision set forth herein.

We accept the Agreement for Discipline by Consent and, in light of the information set forth in the affidavit in mitigation, issue a public reprimand. The facts, as set forth in the agreement, are as follows.

### *Facts*

### I. *Lack of Written Fee Agreement*

Respondent entered into a verbal contract to represent a client in a medical malpractice action. Respondent contacted the client's former attorney and obtained the balance of the client's retainer as well as the client's file. Respondent initiated and eventually settled the medical malpractice action without ever obtaining a written fee agreement with the client. Respondent maintains he mailed several fee agreements to the client which the client never signed and returned.

As a result of a disagreement over respondent's legal fee, the client contacted the Office of Disciplinary Counsel to initiate a disciplinary complaint against respondent. Respondent failed to respond to requests by the Office of Disciplinary

Counsel for information regarding respondent's representation of the client.

Respondent admits that he failed to obtain a written fee agreement with the client and that he did not have anything in writing that outlined the method pursuant to which the fee was to be determined. Respondent admits that his fee was to be contingent upon the outcome of the matter.

However, in mitigation, respondent states the client's former attorney, over a period of four years, had failed to actively pursue the medical malpractice claim because he considered the claim to be dubious. After the client transferred his file to respondent, respondent was able to obtain new evidence, amend the claim and resolve it in the client's favor and with the client's blessing. While respondent was unable to locate a signed fee agreement, he maintains there was evidence that such an agreement was sent to the client to be signed and returned. Respondent maintains the signed agreement could have been returned to the client along with other documents at the conclusion of the case. Respondent points out, however, that there is ample evidence in the client file that the client transferred the file to respondent for litigation, that the client hired respondent's firm to pursue a matter in which the fee is controlled by federal statute, that the client communicated with respondent throughout the entire process, including settlement and disbursement, and the client signed a general power of attorney giving respondent the authority to handle the client's legal matters while the client was overseas with the military.

## II. *Conflict of Interest*

Prior to respondent's admission to the South Carolina Bar, he was employed as a paralegal in a law firm. While employed as a paralegal, respondent assisted an attorney in the formation of a corporation for a college friend (Husband) and the friend's wife (Wife). After being admitted to the South Carolina Bar, respondent represented Wife and her son with regard to several traffic violations.

In 1999, respondent was retained by Husband to pursue a divorce action against Wife. Wife's counsel filed a motion seeking respondent's disqualification. The trial court, in its

order granting the motion, recognized that the corporation was to be equitably divided and would more than likely be a contested issue at trial. The trial court was concerned about the possible conflict of interest that could result from respondent's representation of Husband as well as the possibility that respondent could be called as a witness.

Following the issuance of the order, Wife contacted the Office of Disciplinary Counsel to initiate a disciplinary complaint against respondent. Respondent failed to respond to requests by the Office of Disciplinary Counsel for information regarding respondent's representation of Husband.

Respondent admits that undertaking representation of Husband was an error in judgment. He also admits he failed to respond to inquiries made by the Office of Disciplinary Counsel and that he did not initially cooperate in the investigation being conducted by the Office of Disciplinary Counsel.

However, in mitigation, respondent states that Wife's complaint was raised long after he had been involved in representation of Husband and in retaliation for the aggressive manner in which he represented Husband. Respondent maintains Wife's attorneys litigated the case without objection to respondent representing Husband and even negotiated with respondent over a period of time in an attempt to settle the matters in dispute. Respondent contends there would have never been a complaint about his representation of Husband if the matters had been settled as Wife and her counsel desired. Respondent also contends the family court order specifically stated there was no evidence of a conflict of interest in his representation of Husband. He states that although Wife's complaint alleged he was a possible witness, he was never called as a witness because Wife's assertions that respondent could be a witness were not true.

### III. *Failure to Respond to Summary Judgment Motion*

Respondent was retained to pursue a medical malpractice action on behalf of a client. Respondent failed to respond to the defendants' motions for summary judgment thereby failing to provide the court with evidence in support of his client's claims.

Respondent, in mitigation, states that he did an immense amount of work on this case, taking over twenty depositions, including the depositions of five experts, traveled more than 10,000 miles in the process of discovery and spent more than $10,000 in uncovered expenses. He states he spent hundreds of hours preparing the case for trial.

Respondent states that the week he received the motion for summary judgment was the same week his wife left him.[1] He states that on a daily basis he was faced with issues involving his house and his children. He explained his circumstances and the resultant emotional upheaval in a letter to Judge Shedd and asked for an extension of time in which to respond to the summary judgment motion. Respondent maintains he spoke with Judge Shedd's law clerk who told respondent to let Judge Shedd know the amount of time he needed to prepare a response to the motion. Respondent continued to work on his response, but ten days later received an order granting the motion for summary judgment. Respondent telephoned Judge Shedd's law clerk who recommended respondent contact opposing counsel and ask if they would consent to have the order withdrawn, otherwise, Judge Shedd would not reverse his decision. Respondent contacted opposing counsel but they would not consent to having the order withdrawn and proceeding with a hearing on the summary judgment motion.

Respondent represents that his client has been made whole by respondent's malpractice insurance carrier. In addition, respondent has since successfully represented and is currently representing members of the client's family in other unrelated litigation.

## IV. *Letter in Support of Affidavit in Mitigation*

In an attempt to resolve the first two matters addressed in this opinion, respondent entered into an Agreement for Discipline by Consent on August 20, 2001. In support of the agreement, respondent provided the Commission on Lawyer Conduct and this Court with an affidavit in mitigation. At-

---

1. Respondent states that the matters discussed in sections I and II of this opinion also arose at the time he was going through the emotional upheaval of an unwanted divorce, property division and a child custody battle.

tached to the affidavit was a letter that appeared, on its face, to be written and signed by respondent's former law partner (Partner). However, respondent signed Partner's name to the letter.

Respondent and Partner both admit that respondent contacted Partner regarding a letter to be submitted to the Commission and that they agreed respondent would provide Partner with a proposed draft of the letter. Partner was to review the letter and mail it to the Commission. However, due to time constraints, respondent had Partner's permission to execute the letter on his behalf at the time of submission. Respondent admits, in retrospect, that this method of executing the letter was improper or, at the very least, misleading.

Contemporaneous with the approval of the agreement by this Court, but prior to the implementation of a sanction, respondent advised the Office of Disciplinary Counsel that respondent affixed Partner's signature to a letter included in the mitigation materials submitted to this Court. At the time, respondent was unaware of the Court's actions in approving the agreement.

Respondent, in mitigation, maintains Partner's allegation is unfair and was made at a time when respondent was suing Partner. Respondent contends Partner has changed his story in conversations with Disciplinary Counsel. Respondent states that the fact that Partner could offer to write a letter on respondent's behalf, instruct respondent to execute it for him, and subsequently place respondent in jeopardy for having done so is still hard for respondent to accept or comprehend.

### *Law*

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4(b) (a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation, keep the client reasonably informed about the status of the matter, and promptly comply with reasonable requests for information); Rule 1.5(b)

(when a lawyer has not regularly represented a client, the basis or rate of the fee shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation); Rule 1.5(c) (a contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined and upon conclusion of the matter the lawyer shall provide the client with a written statement stating the outcome of the matter, the remittance to the client, if there is a recovery, and the method of its determination); Rule 3.2 (a lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client); Rule 3.3(a) (a lawyer shall not knowingly make a false statement of material fact or law to a tribunal or offer evidence the lawyer knows to be false); Rule 3.7 (a lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness except under limited circumstances); Rule 8.1 (a lawyer in connection with a disciplinary matter shall not knowingly make a false statement of material fact, fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter or knowingly fail to respond to a lawful demand for information from a disciplinary authority); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); Rule 8.4(d) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent's misconduct constitutes grounds for discipline under the following provisions of Rule 7, RLDE, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct); Rule 7(a)(3) (it shall be a ground for discipline for a lawyer to fail to respond to a lawful demand from a disciplinary authority including a request for a response); Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute); and Rule 7(a)(6) (it shall be a ground for discipline for a lawyer to violate the oath of office taken upon admission to practice law in this state).

### *Conclusion*

We find, after consideration of the mitigating circumstances, that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his actions.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.