632 S.E.2d 280

**In the Matter of Henry H. CABANISS, Respondent.**

No. 26176.

Supreme Court of South Carolina.

Submitted May 30, 2006.

Decided June 26, 2006.

Henry B. Richardson, Disciplinary Counsel, and Joseph P. Turner, Jr., Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Henry H. Cabaniss, of Davidson, N.C., pro se.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a twelve month suspension from the practice of law. We accept the agreement and impose a twelve month suspension, retroactive to the date of respondent's interim suspension. *In the Matter of Cabaniss,* 368 S.C. 377, 629 S.E.2d 353 (2005). The facts, as set forth in the agreement, are as follows.

## *FACTS*

From April 2003 to January 2004, respondent was employed at a law firm. A former partner of the law firm filed a complaint against respondent alleging respondent neglected or performed less than competent representation on nine files.

Respondent accepts responsibility for some of the problems in the files and now recognizes that the services he performed in some cases were not as competent as they should have been, that he was not as diligent as he should have been, and his communications with some of his clients was insufficient. In mitigation, however, respondent asserts a lack of assistance and advice by members of his law firm were contributing factors to his misconduct.

After the complaint was filed, respondent failed to respond to ODC's inquiries within the prescribed time. Thereafter, ODC sent respondent a "Treacy letter" pointing out that failure to respond to ODC constitutes sanctionable conduct. *See In the Matter of Treacy,* 277 S.C. 514, 290 S.E.2d 240 (1982). Respondent failed to respond to this inquiry as well.

Thereafter, respondent was served with a Notice of Full Investigation; he failed to respond to the notice. On January 12, 2005, respondent was placed on interim suspension as a result of his failure to respond to the Notice of Full Investigation. *In the Matter of Cabaniss, supra.* A number of months after being placed on interim suspension, respondent responded to ODC's inquiries.

## LAW

Respondent admits that, by his conduct, he has violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to clients); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing clients); Rule 1.4 (lawyer shall keep clients reasonably informed about the status of matters); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with interests of clients); Rule 8.1(b) (lawyer shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority); Rule 8.4(a) (it is professional misconduct for lawyer to violate the Rules of Professional Conduct); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct that is prejudicial to the administration of justice). In addition, respondent admits that his actions constitute grounds for discipline under the following provisions of Rule 7, RLDE, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct), Rule 7(a)(3) (it shall be ground for discipline for lawyer to knowingly fail to respond to a lawful demand from a disciplinary authority), and Rule 7(a)(6), RLDE (it shall be a ground for discipline for a lawyer to violate the oath of office).

## CONCLUSION

We accept the Agreement for Discipline by Consent and suspend respondent from the practice of law for twelve months, retroactive to the date of his interim suspension. Within fifteen days of the filing of this opinion, respondent shall file an affidavit demonstrating he has complied with the

requirements of Rule 30 of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur. PLEICONES, J., not participating.