647 S.E.2d 235

**In the Matter of Garry CONWAY, Respondent.**

**No. 26347.**

Supreme Court of South Carolina.

Submitted May 14, 2007.

Decided June 25, 2007.

---

Henry B. Richardson, Jr., Disciplinary Counsel, and Barbara M. Seymour, Assistant Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Garry Conway, of Mt. Pleasant, pro se.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to any sanction set forth in Rule 7(b), RLDE, Rule 413, SCACR. He requests that any suspension be made retroactive to the date of his interim suspension.[1] We accept the agreement and impose a definite suspension of nine (9) months from the practice of law. The suspension shall not be made retroactive to the date of respondent's interim suspension.

## *FACTS*

For purposes of the Agreement, respondent admits the material portions of the factual allegations and allegations of violations of specific portions of the Rules of Professional

---

1. On July 1, 2005, respondent was placed on interim suspension. *In the Matter of Conway*, 365 S.C. 124, 616 S.E.2d 419 (2005).

Conduct as set forth in the formal charges. The admissions are as follows.

## Matter I

Southern Reporting, Inc., provided court reporting services to respondent in connection with the deposition of a client in January 2004. The court reporter submitted an invoice to respondent in January 2004.

When the court reporter did not receive payment, she issued a second notice in June 2004, a third notice in July 2004, and a fourth notice in August 2004. The court reporter made three follow-up telephone calls to respondent in July and August 2004. In January 2005, the court reporter sent respondent a letter indicating she had not received payment. Respondent did not respond. To date, respondent has not paid the court reporter for her services or the late charges.

Respondent did not timely respond to the initial inquiries of ODC regarding this complaint. Respondent failed to appear and respond to a subpoena pursuant to Rule 19(c), RLDE, Rule 413, SCACR.

## Matter II

Respondent failed to respond to the initial inquiries of ODC in this matter. Respondent failed to fully cooperate with the investigation in this matter.

## Matter III

Since his admission to practice law in 1999, respondent has appeared alone at hearings, depositions, and trials in the courts of this state. The Court has no record that respondent obtained Rule 403, SCACR, trial certification.

## Matter IV

Client A retained respondent to represent him in connection with two personal injury claims, a divorce matter, and preparation and recording of a deed. Respondent failed to maintain files regarding Client A's legal matters, failed to safekeep Client A's documents, and failed to take adequate steps to protect Client A's interests.

With regard to one of the personal injury claims, respondent failed to file suit on Client A's behalf prior to the expiration of the statute of limitations. With regard to the

divorce matter, respondent engaged in a conflict of interest because he concurrently represented Client A and his wife in one of the personal injury matters and in preparation of the deed. Respondent also represented Client A and his paramour in the other personal injury matter. With regard to the preparation of the deed for Client A and his wife, respondent failed to properly record the deed.

Respondent failed to turn over files related to Client A to the attorney appointed by this Court to protect the interests of respondent's clients upon his interim suspension. *See* Rule 31, RLDE, Rule 413, SCACR. Further, respondent did not cooperate or communicate with the appointed attorney. He failed to respond to the appointed attorney's letters and telephone calls and failed to turn over approximately 85 client files. In addition, after his interim suspension, respondent failed to cooperate or communicate with Client A's new attorney.

## *LAW*

Respondent admits that his misconduct constitutes grounds for discipline under Rule 413, RLDE, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers), Rule 7(a)(3) (lawyer shall not knowingly fail to respond to a lawful demand from a disciplinary authority), Rule 7(a)(5) (lawyer shall not engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law), Rule 7(a)(6) (lawyer shall not violate the oath of office taken upon admission to practice law), and Rule 7(a)(7) (lawyer shall not willfully violate a valid court order). In addition, respondent admits he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.7 (lawyer shall not represent client if representation will be directly adverse to another client); Rule 1.15 (lawyer shall safekeep property and funds belonging to clients and third parties); Rule 5.5 (lawyer shall not practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction); Rule 8.1(b) (lawyer shall not knowingly fail to

respond to a lawful demand for information from a disciplinary authority); Rule 8.4(a) (lawyer shall not violate Rules of Professional Conduct); and Rule 8.4(e) (lawyer shall not engage in conduct that is prejudicial to administration of justice).

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and impose a definite suspension of nine (9) months from the practice of law. Respondent's request the suspension be made retroactive to the date of his interim suspension is denied. Within thirty (30) days of the date of this opinion, respondent shall pay the Commission on Lawyer Conduct the costs it incurred in the investigation of this matter. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

Prior to his reinstatement, respondent shall fully pay the court reporter's charges and applicable late fees in Matter I, fully reimburse the Lawyers Fund for Client Protection for any claims it has paid on respondent's behalf, complete the trial observations and obtain Rule 403, SCACR, certification, and demonstrate to the satisfaction of the Committee on Character and Fitness and this Court that his medical condition does not impair his fitness to practice law.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur. WALLER, J., not participating.