684 S.E.2d 557

## In the Matter of Michael E. ATWATER, Respondent.

### No. 26733.

Supreme Court of South Carolina.

Heard Sept. 15, 2009.

Decided Oct. 12, 2009.

258

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Desa Ballard, of West Columbia, for Respondent.

PER CURIAM.

In this attorney disciplinary action, we suspend Michael E. Atwater (Respondent) from the practice of law for six months and order him to pay the costs of these disciplinary proceedings due to Respondent's repeated failure to respond to the Office of Disciplinary Counsel (ODC) in the investigation of five matters.

## I. FACTS

Respondent was licensed to practice law in 1995. ODC investigated five complaints involving Respondent that were filed from 2004 to 2006. A hearing was held on September 13, 2007, at which Respondent appeared *pro se*. A Hearing Panel of the Commission on Lawyer Conduct found Respondent had committed misconduct in three of the matters, but that the misconduct was not sanctionable, and it dismissed two of the matters.[1] The Hearing Panel further found Respondent had

---

1. In the three matters involving misconduct, the Hearing Panel found Respondent (1) did not adequately communicate with a client (the Dixon Matter); (2) did not confirm a bill had been paid to a car rental company prior to disbursing funds in a personal injury case (the Cook

violated Rule 8.1(b) of the South Carolina Rules of Professional Conduct (RPC), Rule 407, SCACR, by his repeated failure to cooperate in the investigation of all five of these matters.

The Hearing Panel found three aggravating factors: (1) Respondent's "pattern of misconduct," in "that these grievances were received in sequence" and "[i]n each successive case," ODC notified Respondent of his obligation to respond, but he repeatedly ignored this obligation; (2) Respondent's lack of acknowledgment of wrongdoing, in that Respondent relied upon the fact that he ultimately came in and answered questions during an interview with ODC; and (3) Respondent's prior public reprimand in 2003 for misconduct, including the failure to cooperate with ODC. See *In re Michael E. Atwater*, 355 S.C. 620, 586 S.E.2d 589 (2003) (issuing a public reprimand for admitted misconduct and failing to respond to ODC).

The Hearing Panel noted Respondent had presented no mitigating evidence and that it found no circumstances of mitigation. The Hearing Panel recommended a definite suspension of nine months and the payment of costs for these proceedings.

Respondent thereafter obtained counsel and asked this Court to remand the matter so he could provide evidence in mitigation. This Court issued an order on July 22, 2008, remanding Respondent's case "*solely for the purpose of producing mitigating evidence.*"

At the supplemental hearing on February 10, 2009, Respondent alleged that he suffered from depression, along with post-traumatic stress disorder and a phobic reaction that were related to his contacts with ODC, and he presented his psychiatrist as a witness. Respondent testified his emotional problems initially started with his divorce and child custody battle in 1998 and 1999.

The Hearing Panel issued a Supplemental Panel Report on April 8, 2009, in which it declined to amend its prior recommendations, finding the mitigation evidence presented by Re-

---

Matter); and (3) should have more clearly set out the scope and limitations of his representation with another client (the Stanley Matter).

spondent did not excuse his repeated failure to cooperate with ODC.

## II. LAW/ANALYSIS

### A. Definite Suspension

 Respondent does not challenge the fact that he violated Rule 8.1(b), RPC, Rule 407, SCACR by failing to cooperate with ODC. Rather, he argues that the mitigation evidence "should have compelled a different, lesser recommended sanction" for his misconduct, such as a public reprimand or a short suspension.

In contrast, ODC asserts "that neither a public reprimand nor a short suspension is appropriate given the totality of the circumstances in these matters." ODC states, "A public reprimand is not appropriate because Respondent has already been publicly reprimanded for similar conduct." ODC contends the definite suspension of nine months recommended by the Hearing Panel is particularly appropriate because, unless otherwise ordered by this Court, Respondent would have to appear before the Committee on Character and Fitness for a determination of his fitness to return to practice, which would be advisable based on Respondent's assertions about his medical condition and his need for continued treatment.[2]

ODC states that in light of Respondent's many violations of Rule 8.1(b), the Hearing Panel's recommendation of a definite suspension for nine months is consistent with precedent, citing *In re Pennington*, 380 S.C. 49, 668 S.E.2d 402 (2008) (finding an attorney's failure to timely respond to inquiries from ODC and the attorney's falsification of documents submitted to ODC, together with other acts of misconduct, justified a two-year suspension and requiring the payment of costs); *In re Sturkey*, 376 S.C. 286, 657 S.E.2d 465 (2008) (finding a nine-

---

2. See Rule 33(a), Rules for Lawyer Disciplinary Enforcement (RLDE), Rule 413, SCACR (providing "[a] lawyer who has been suspended for a definite period of 9 months or more, has been suspended for an indefinite period, or has been disbarred, shall be reinstated to the practice of law only upon order of the Supreme Court"); Rule 33(d), RLDE, Rule 413, SCACR ("Unless otherwise directed by the Supreme Court, the petition [for reinstatement] shall be referred to the Committee on Character and Fitness.").

month suspension, the payment of costs, and participation in a law office management program was appropriate where, among other things, the attorney failed to communicate with his clients, failed to respond to requests for information, and failed to diligently pursue his cases; we noted the attorney's disciplinary history was an aggravating factor); *In re Conway,* 374 S.C. 75, 647 S.E.2d 235 (2007) (imposing a nine-month suspension and the payment of costs for various acts of misconduct and failing to cooperate with ODC).

 "The authority to discipline attorneys and the manner in which the discipline is given rests entirely with this Court." *In re Tullis,* 375 S.C. 190, 191, 652 S.E.2d 395, 395 (2007). The "Court has the sole authority ... to decide the appropriate sanction after a thorough review of the record." *In re Thompson,* 343 S.C. 1, 10, 539 S.E.2d 396, 401 (2000). "The Court is not bound by the [hearing] panel's recommendation and may make its own findings of fact and conclusions of law." *In re Hazzard,* 377 S.C. 482, 488, 661 S.E.2d 102, 106 (2008). "A disciplinary violation must be proven by clear and convincing evidence." *In re Greene,* 371 S.C. 207, 216, 638 S.E.2d 677, 682 (2006); *see also* Rule 8, RLDE, Rule 413, SCACR ("Charges of misconduct or incapacity shall be established by clear and convincing evidence, and the burden of proof of the charges shall be on the disciplinary counsel.").

Although we have considered Respondent's mitigation evidence, we agree with the Hearing Panel's recommendation of a definite suspension in light of Respondent's prior public reprimand in 2003 for, among other things, failing to respond to ODC. After considering the record, however, we find that a suspension of six months is appropriate based on the fact that, unlike the cases cited by ODC, Respondent did not commit other instances of sanctionable misconduct in this instance. Cf. *In re Braghirol,* 383 S.C. 379, 680 S.E.2d 284 (2009) (finding, after the consideration of mitigating evidence, that a definite suspension of nine months was appropriate for an attorney who failed to respond in five matters under investigation and who committed other, sanctionable misconduct, including failing to attend scheduled court hearings and failing to pay funds to a client as ordered; the attorney had previous-

ly received a letter of caution for minor misconduct and failing to respond to ODC).

## B. Costs

Respondent does not dispute that costs should be assessed in this matter based on his misconduct in failing to cooperate with ODC.

The imposition of costs and the determination of their amount are within this Court's discretion. See *In re Thompson*, 343 S.C. at 13, 539 S.E.2d at 402 ("The assessment of costs is in the discretion of the Court."); Rule 27(e)(3), RLDE, Rule 413, SCACR ("The Supreme Court may assess costs against the respondent if it finds the respondent has committed misconduct."); Rule 7(b)(8), RLDE, Rule 413, SCACR (stating sanctions for misconduct may include the "assessment of the costs of the proceedings, including the cost of hearings, investigations, service of process and court reporter services").

We find costs in the amount of $5,190.18 should be assessed for the expenses incurred in this action, plus $857.00 for the cost of the court reporter's transcript.

## III. CONCLUSION

Due to Respondent's failure to cooperate with ODC, we suspend Respondent from the practice of law for six months and order him to pay the costs of these proceedings in the amount of $5,190.18, plus $857.00 for the cost of the court reporter's transcript. Within fifteen days of the filing of this opinion, Respondent shall file an affidavit demonstrating that he has complied with the requirements of Rule 30, RLDE, Rule 413, SCACR (regarding an attorney's duties following suspension or disbarment).

**DEFINITE SUSPENSION.**

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.