707 S.E.2d 428

**In the Matter of David Arthur BRAGHIROL, Respondent.**

**No. 26951.**

Supreme Court of South Carolina.

Heard March 3, 2011.

Decided March 21, 2011.

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

David Arthur Braghirol, of Inman, pro se Respondent.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) filed formal charges with the Commission on Lawyer Conduct alleging David Arthur Braghirol (Respondent) engaged in the practice of law by accepting legal fees while his license to practice law in South Carolina was suspended. Following a hearing, a Hearing Panel of the Commission on Lawyer Conduct (the Panel) found Respondent committed misconduct and recommended his suspension from the practice of law for a definite period of fifteen months, retroactive to the end of the nine month suspension that was imposed in July 2009.[1] Neither the ODC nor Respondent took exception to the Panel Report.[2] We accept the Panel's recommendation and order Respondent's definite suspension from the practice of law for a period of fifteen months, retroactive to the end of Respondent's nine month suspension, in addition to the other requirements recommended by the Panel.

### FACTS/PROCEDURAL BACKGROUND

On March 4, 2010, the ODC filed Formal Charges against Respondent alleging that Respondent engaged in the practice of law while his law license was suspended. Respondent did not file an Answer to the Formal Charges within the requisite time period, and therefore, the Panel issued a Default Order

---

1. *In re Braghirol*, 383 S.C. 379, 680 S.E.2d 284 (2009).

2. Neither party filed briefs with this Court. Therefore, the parties are deemed to have accepted the Panel's findings of fact, conclusions of law, and recommendations. *See* Rule 27(a), RLDE, Rule 413, SCACR ("The failure of a party to file a brief taking exceptions to the report constitutes acceptance of the findings of fact, conclusions of law, and recommendations.").

on May 5, 2010. Pursuant to that order, the factual allegations contained in the Formal Charges were deemed admitted according to Rule 24(a), RLDE. On June 29, 2010, a public hearing was held for the sole purpose of determining a recommended sanction. Respondent appeared *pro se.*

The following facts were stipulated: Client's mother retained Respondent's services in March 2007 to seek a sentence reduction for her son, Client. She paid Respondent $10,000 in advance for the representation, but Respondent failed to keep her and Client reasonably informed regarding the status of the case. Respondent was placed on interim suspension by this Court on June 24, 2008. *In re Braghirol,* 378 S.C. 592, 663 S.E.2d 480 (2008). While under suspension, on August 25, 2008, Respondent accepted $2,000 from Client's mother to do additional work on Client's case, and signed a receipt acknowledging this fee on that same day.

According to the mother's testimony, she filed a complaint against Respondent because once Respondent began experiencing personal problems, he ceased communicating with her and Client, would not return phone calls, and to her knowledge, did not work on the case. She stated there was a lack of communication while Respondent was suspended, but then Respondent informed her $2,000 was needed to pay an informant. Client's mother testified Respondent informed her he was suspended, but she nevertheless paid him the money, and he issued her a receipt. Client's mother was able to recover the $12,000 she paid Respondent through the South Carolina Bar Lawyers' Fund for Client Protection (Lawyers' Fund).

Ultimately, the Panel found Respondent violated the following Rules of Professional Conduct, Rule 407, SCACR:

- Rule 1.4 (Communication)
- Rule 5.5 (Unauthorized Practice of Law)
- Rule 8.4(a) (Violation of RPC)
- Rule 8.4(e) (Conduct Prejudicial to the Administration of Justice)

Additionally, the Panel found Respondent violated Rule 7(a)(1), RLDE, Rule 413, SCACR, and Rule 7(a)(5), RLDE, Rule 413, SCACR.

8

The Panel considered as an aggravating circumstance Respondent's disciplinary history. On two occasions, in February 2004 and April 2008, Respondent was briefly suspended by the South Carolina Commission on Continuing Legal Education and Specialization for failure to acquire the requisite Continuing Legal Education (CLE) hours. On June 24, 2008, Respondent was placed on interim suspension. *Braghirol*, 378 S.C. at 592, 663 S.E.2d at 480. On January 16, 2009, Respondent received a confidential Admonition citing Rules of Professional Conduct 1.4 (Communication), 8.1 (Bar Admission Matter), and 8.4 (Misconduct) of Rule 407, SCACR. Shortly thereafter, on April 2, 2009, Respondent was again suspended by the CLE Commission, which resulted in a suspension by this Court on June 11, 2009 for failure to comply with CLE requirements. Then on July 13, 2009, this Court suspended Respondent for a period of nine months, with conditions. *Braghirol*, 383 S.C. at 379, 680 S.E.2d at 284. That proceeding involved five separate instances of misconduct, for the most part involving failures to communicate with clients or to work diligently on those clients' cases. *Id.* Respondent did not comply with the conditions of the Court's order in that matter, and this Court directed Respondent to personally appear before the Court on September 1, 2010, to show cause why he should not be held in criminal or civil contempt of court. Respondent appeared at that hearing and admitted his failure to comply with the order. This Court issued an order finding Respondent in civil contempt, but stating he could purge himself of incarceration by taking certain specified actions. Respondent complied with this order.

After considering the facts of the case and Respondent's disciplinary history, the Panel recommended his suspension from the practice of law for a period of fifteen months, retroactive to the end of the nine month suspension that was imposed by this Court on July 13, 2009. Additionally, the Panel recommended Respondent pay a fine, to be determined by this Court, within thirty days of the Court's order, Respondent pay the costs of these proceedings, and Respondent be required to complete the South Carolina Bar's Legal Ethics and Practice Program Ethics School as a condition for reinstatement.

## STANDARD OF REVIEW

 The sole authority to discipline attorneys and decide appropriate sanctions after a thorough review of the record rests with this Court. *In re Thompson,* 343 S.C. 1, 10–11, 539 S.E.2d 396, 401 (2000). In such matters, this Court may draw its own conclusions and make its own findings of fact. *Id.* Nonetheless, the findings and conclusions of the Panel are entitled much respect and consideration. *Id.*

## ANALYSIS

 The parties, by not filing briefs, have accepted the findings of fact, conclusions of law, and recommendations of the Hearing Panel. Respondent admits that he knowingly accepted a $2,000 fee for legal services while his license to practice law was under suspension. Rule 5.5 of the Rules of Professional Conduct, found under Rule 407 of the South Carolina Appellate Court Rules, prohibits a lawyer who is not admitted to practice in a jurisdiction from representing that he is admitted to practice law. Although Client's mother testified Respondent informed her that his license to practice law was suspended, he nevertheless requested and then accepted $2,000 on behalf of Client for legal services. His flagrant disregard of this Court's suspension is reprehensible. However, in mitigation, this Court considers that the majority of Respondent's disciplinary history stems from events occurring in 2008, a time when Respondent candidly admits he experienced a series of personal crises and ultimately had a mental breakdown. The recommendation of a fifteen month suspension, retroactive to the expiration of the previously imposed nine month suspension, cumulatively results in a two year suspension from the practice of law. In hopes this extended period will allow Respondent to order his life and law practice to better align with the high standards expected of a practicing attorney, we follow the Panel's recommendation. The Panel additionally recommended this Court impose a fine to be paid within thirty days of this opinion. Because Respondent accepted $2,000 in legal fees, which was refunded to Client's mother through the Lawyers' Fund, we require Respondent reimburse the Lawyers' Fund that amount within thirty days of the date of this opinion, if he has not already done so. Lastly, we follow the Panel's recommendation that

10

Respondent pay the costs of these disciplinary proceedings and complete ethics training before petitioning this Court for reinstatement to the practice of law.

### CONCLUSION

For the foregoing reasons, this Court accepts the recommendations of the Panel, and additionally requires Respondent reimburse the Lawyers' Fund in the amount of $2,000 within thirty days of the date of this opinion.

**DEFINITE SUSPENSION.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.