480 S.E.2d 452

**In the Matter of William James BARNES, Respondent.**

**No. 24555.**

Supreme Court of South Carolina.

Submitted Dec. 11, 1996.

Decided Jan. 20, 1997.

William James Barnes, Greenville, pro se.

Attorney General Charles Molony Condon, Assistant Deputy Attorney General J. Emory Smith, Jr., and Assistant Attorney General Paul M. Koch, Columbia, for complainant.

PER CURIAM:

In this attorney grievance proceeding, respondent admits that he has committed ethical violations and consents to a public reprimand. We accept respondent's admission and publicly reprimand him.

The ethical violations committed by respondent arose out of his representation of a married couple who were injured in the parking lot of a Greenville restaurant. Two weeks after the incident, the clients contacted respondent and discussed the prospect of bringing an action against the restaurant. Respondent agreed to represent the clients during this meeting and subsequently drafted a letter to the restaurant informing

it that he represented the clients and requesting information regarding the restaurant's liability insurance carrier.

Respondent then falsely informed the clients that he had filed a complaint on their behalf, that the case was on the docket, and that there was a possibility that it would come up for trial in a short time. Between 1987 and 1995, respondent met with the clients some twenty-five times. Respondent repeatedly assured them that there was no need to worry about the statute of limitations as the suit had already been filed. During respondent's final meeting with the clients, he admitted to them that he had never filed a complaint on their behalf. By this time the statute of limitations had already run.

Respondent has violated Rule 1.3 of the Rules of Professional Conduct contained in Rule 407, SCACR, by failing to act with reasonable diligence and promptness in representing a client. He has also violated Rule 1.4(a) of the Rules of Professional Conduct contained in Rule 407, SCACR, by failing to keep his clients reasonably informed about the status of a matter and by failing to comply promptly with reasonable requests for information. Finally, respondent has violated Rules 8.4(a), (d), and (e) of the Rules of Professional Conduct contained in Rule 407, SCACR, by engaging in conduct involving dishonesty, fraud or deceit, by engaging in conduct that is prejudicial to the administration of justice, and by violating the Rules of Professional Conduct.

Under the circumstances of this case, we have decided to accept respondent's conditional admission for a public reprimand. Accordingly, respondent is hereby publicly reprimanded for his conduct in this matter.

PUBLIC REPRIMAND.