565 S.E.2d 305

**In the Matter of Harry C. DePEW, Respondent.**

No. 25483.

Supreme Court of South Carolina.

Submitted May 17, 2002.

Decided June 17, 2002.

Henry B. Richardson, Jr. and Assistant Deputy Attorney General J. Emory Smith, Jr., both of Columbia, for the Office of Disciplinary Counsel.

Harry C. DePew, of Columbia, pro se.

PER CURIAM.

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of a sanction ranging from an admonition to a public reprimand. We accept the agreement and find that a public reprimand is the appropriate sanction. The facts as set forth in the agreement are as follows.

## *Facts*

Respondent failed to diligently pursue several matters on behalf of his clients. In one matter, he delayed in preparing a proposed Final Decree of Divorce as requested by the family court. In a second matter he did not file suit on behalf of his client until a few days before the statute of limitations expired. In that same matter, he failed to advise his client of the value of her personal injury claim and failed to keep her informed about the status of the matter. In a third matter, he failed to

file suit on behalf of his client before the statute of limitations expired. He also failed to keep the client informed about the status of the matter and failed to return her telephone calls.

In a fourth matter, respondent failed to complete necessary documents, failed to return documents to the client, and failed to respond to messages left by the client and the client's family.

In addition to engaging in a pattern and practice of failing to act diligently on behalf of his clients and failing to adequately communicate with them, respondent has also lost or been unable to locate documents relating to numerous matters, which indicates respondent is not properly safeguarding documents.

Finally, despite numerous statements and calls from a court reporter, respondent failed to pay the court reporter's bill until over a year after the first invoice was sent.

### Law

By his conduct, respondent has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4(a)(a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); Rule 8.4(a)(it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); and Rule 8.4(e)(it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent has also violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1)(it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct) and Rule 7(a)(5)(it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice). Finally, respondent failed to cooperate with Disciplinary Counsel's investigation. *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982).

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Disci-

pline by Consent and publicly reprimand respondent for his actions.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.