562 S.E.2d 308

**In the Matter of Gregory A. NEWELL, Respondent.**

**No. 25441.**

Supreme Court of South Carolina.

Submitted Feb. 27, 2002.

Decided April 8, 2002.

Henry B. Richardson, Jr., and Senior Assistant Attorney General Nathan Kaminski, Jr., both of Columbia, for the Office of Disciplinary Counsel.

Gregory A. Newell, pro se, of Greenville.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an agreement pursuant to Rule 21, Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR. In the agreement, respon-

dent admits misconduct and consents to a definite suspension of nine months. We accept the agreement. The following facts are set forth in the agreement.

## *Facts*

In the first matter, the client retained respondent in 1991 to handle a lawsuit against a realtor and warranty company. Respondent failed to file the lawsuit within the statute of limitations, failed to inform the client that the statute of limitations had run, and continued to assure the client that he was working on the case. Respondent ignored the client's repeated requests for information regarding the status of the case and requests to view the case file.

In the second matter, the client retained respondent to file an action for divorce and to gain custody of her minor child. Respondent's failure to properly serve the husband resulted in the dismissal of the divorce action. Respondent re-filed the action, but failed to inform the client that the first suit had been dismissed.

In a third matter, respondent was retained to represent the client in a personal injury case. Respondent did not file the lawsuit until six days before the expiration of the statute of limitations, despite the client's belief that suit had been filed almost two years earlier. As a result of respondent's delay in filing the lawsuit, the client's case was called for trial five years after she retained respondent. On the day the case was called for trial, respondent was out of town and had failed to ask for the court's protection. Respondent did communicate with the court and a continuance was granted; however, respondent failed to communicate directly with the client. The client's case was eventually settled, at which time respondent reduced his contingency fee by $1,500.

In a fourth matter, respondent was retained to file a bankruptcy petition. Respondent failed to file the petition because the client had not paid respondent the filing fee. However, respondent did not inform client that her petition had not been filed or his reason for not filing the petition.

In a fifth matter, respondent was appointed in a Post–Conviction Relief (PCR) matter. Respondent failed to keep

the client reasonably informed about the status of his case and failed to comply with reasonable requests for information.

In two of these matters, the clients paid respondent non-refundable retainers. Respondent has made only partial refunds of the retainers.

Disciplinary Counsel conducted separate preliminary investigations into each of these matters and requested that respondent file responses to each client's allegations. Respondent filed a response in only one matter. In all other matters, respondent ignored Counsel's requests for information. The Commission's investigative panel subsequently authorized a Full Investigation. Disciplinary Counsel served respondent with a Notice of Full Investigation advising respondent of his duty to fully respond to the allegations contained therein. Respondent failed to respond to the Notice of Full Investigation.

### *Law*

As a result of his conduct, respondent has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (failing to provide competent representation to a client); Rule 1.2(a) (failing to abide by a client's decisions concerning the objectives of representation); Rule 1.3 (failing to act with reasonable diligence and promptness in representing a client); Rule 1.4(a) (failing to keep a client reasonably informed about the status of a matter and to promptly comply with reasonable requests for information); Rule 2.1 (failing to exercise independent professional judgment and render candid advice); Rule 8.4(a) (violating the Rules of Professional Conduct); Rule 8.4(d) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (engaging in conduct prejudicial to the administration of justice).

Respondent has also violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating the Rules of Professional Conduct); Rule 7(a)(3) (knowingly failing to respond to a lawful demand from a disciplinary authority); Rule 7(a)(5) (engaging in conduct tending to bring the courts or legal

profession into disrepute);  and Rule 7(a)(6) (violating the oath of office taken upon admission to practice law).

### *Conclusion*

Respondent fully acknowledges that his actions in the afore-mentioned matters were in violation of the Rules of Professional Conduct and the Rules for Lawyer Disciplinary Enforcement.  We hereby suspend respondent from the practice of law for nine months.  Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, Rule 413, SCACR.  Within thirty days of the date of this opinion, respondent shall file an affidavit with the ODC showing that he has repaid all unearned or inequitable attorney fees referred to in the Agreement for Discipline by Consent and shall provide reasonable documentation thereof.  Respondent shall also make available for inspection and/or copying by the ODC or its investigators his law firm financial records to determine compliance with this provision.

DEFINITE SUSPENSION.

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.