585 S.E.2d 287

**In the Matter of F. Marion MOISE, III, Respondent.**

**No. 25699.**

Supreme Court of South Carolina.

Submitted July 14, 2003.

Decided Aug. 11, 2003.

Henry B. Richardson, Jr. and Michael S. Pauley, both of Columbia, for the Office of Disciplinary Counsel.

Richard S. Rosen, of Charleston, for Respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of a nine month suspension from the practice of law. We accept the agreement and suspend respondent from the practice of law for nine months. The facts, as set forth in the agreement, are as follows.

## *Facts*

Respondent was retained to represent clients in eight domestic matters and one post-conviction relief matter. Respondent admits that his representation of these clients lacked diligence and that he failed to keep the clients adequately informed about the status of their actions. In one of the domestic matters, respondent failed to file an action on his client's behalf. In another domestic matter, respondent failed to timely serve the opposing party. In a third domestic matter, he failed to timely complete the Qualified Domestic Relations Order and the action, in general, took an inordinate amount of time to complete. Respondent acknowledges that in two other domestic matters he abandoned his representation of the clients. In four of the domestic matters, respondent failed to timely refund the unused portion of the retainer fees to the clients, although those clients have now received a refund of their fees. In seven of these matters, and one matter where there was no underlying misconduct found, respondent failed to respond to inquiries from the Office of Disciplinary Counsel.

Respondent acknowledges a pattern of misconduct, but represents, in mitigation, that he was suffering from serious depression during the period of time in which the misconduct

occurred. As a result of his depression, respondent was unable to attend to, or was tardy in performing, some of his work. Respondent regrets his misconduct and has sought professional medical help to address his problems.

## *Law*

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation, keep the client reasonably informed about the status of the matter, and promptly comply with reasonable requests for information); Rule 1.15(b) (a lawyer shall promptly deliver to the client any funds the client is entitled to receive); Rule 1.16(a)(2) (a lawyer shall not represent or, where representation has commenced, shall withdraw from representation of the client if the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client); Rule 3.2 (a lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client); Rule 8.1 (a lawyer in connection with a disciplinary matter shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent also admits that his misconduct constitutes grounds for discipline under the following provisions of Rule 7, RLDE, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct); Rule 7(a)(3) (it shall be a ground for discipline for a lawyer to fail to respond to a lawful demand from a disciplinary authority including a request for a response); and Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute).

### *Conclusion*

We hereby accept the Agreement for Discipline by Consent and suspend respondent from the practice of law in this state for nine months. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.