668 S.E.2d 408

**In the Matter of William Randall SIMS, Respondent.**

**No. 26550.**

Supreme Court of South Carolina.

Submitted Sept. 8, 2008.

Decided Oct. 13, 2008.

62

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

William Randall Sims, of Kershaw, pro se.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of any sanction ranging from an admonition to a nine (9) month suspension from the practice of law. *See* Rule 7(b), RLDE, Rule 413, SCACR. We accept the Agreement and definitely suspend respondent from the practice of law in this state for a ninety (90) day period. The facts, as set forth in the Agreement, are as follows.

## FACTS

### *Matter I*

The Resolution of Fee Disputes Board of the South Carolina Bar (the Board) ordered respondent to pay the sum of $2,500.00 to a former client. Respondent did not pay the ordered amount. As a result, the Board issued a Certificate of Non–Compliance. Respondent has since paid the ordered amount to the client.

By letter dated November 6, 2007, ODC notified respondent of the Board's complaint. ODC requested a response within fifteen (15) days. Respondent failed to respond or otherwise communicate with ODC.

On December 20, 2007, ODC sent respondent a letter pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), again requesting a response. Respondent failed to respond or otherwise communicate with ODC following the *Treacy* letter.

On February 19, 2008, respondent was served with a Notice of Full Investigation. The Notice requested a written re-

sponse within thirty (30) days. Respondent failed to submit a response to the Notice of Full Investigation.

### *Matter II*

In 2007, Complainant retained respondent to file a divorce action on his behalf. Complainant paid respondent a $650.00 retainer. Respondent failed to file a divorce action on Complainant's behalf. In addition, respondent failed to keep Complainant reasonably informed regarding the status of his case, failed to return Complainant's telephone calls, and failed to make reasonable efforts to expedite Complainant's case consistent with Complainant's interests and requests. Respondent has since refunded the entire retainer fee paid by Complainant.

On March 3, 2008, respondent was served with a Supplemental Notice of Full Investigation. The Notice requested a written response within thirty (30) days. Respondent failed to submit a response to the Supplemental Notice of Full Investigation.

### *LAW*

Respondent admits that by his misconduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client), Rule 1.4 (lawyer shall promptly respond to clients reasonable requests for information); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with client's interests), Rule 8.1(b) (lawyer shall not knowingly fail to respond to lawful demand for information from disciplinary authority), Rule 8.4(a) (lawyer shall not violate Rules of Professional Conduct), and Rule 8.4(e) (lawyer shall not engage in conduct that is prejudicial to the administration of justice). In addition, respondent admits his misconduct constitutes a violation of Rule 7, RLDE, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers), Rule

7(a)(3) (it shall be ground for discipline for lawyer to knowingly fail to respond to lawful demand from disciplinary authority), and Rule 7(a)(10) (it shall be a ground for discipline for lawyer to willfully fail to comply with a final decision of the Resolution of Fee Disputes Board of the South Carolina Bar).

## CONCLUSION

█ We accept the Agreement for Discipline by Consent and definitely suspend respondent from the practice of law for a ninety (90) day period. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.