721 S.E.2d 437

**In the Matter of Ivan James TONEY, Respondent.**

**No. 27087.**

Supreme Court of South Carolina.

Heard Dec. 1, 2011.

Decided Jan. 17, 2012.

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

J. Steedley Bogan, of Columbia, for Respondent.

PER CURIAM.

In this attorney discipline matter, Respondent Ivan James Toney was accused of misconduct in twenty-three separate complaints. Following a hearing, a panel of the Commission on Lawyer Conduct (the Panel) recommended Respondent receive a definite three-month suspension, along with certain other requirements. Given the pattern of Respondent's misconduct and the multitude of complaints at issue, we impose a definite suspension from the practice of law for a period of nine months from the date of this opinion. Further, we adopt all other sanctions recommended by the Panel.

I.

These disciplinary proceedings are based upon twenty-three complaints received by the Office of Disciplinary Counsel (ODC). ODC filed formal charges against Respondent, alleging Respondent committed misconduct violating Rules of Professional Conduct 1.1, 1.2, 1.3, 1.4, 1.5, 3.2, 8.1, and 8.4(a). Respondent ultimately stipulated to the facts alleged in the formal charges and admitted that his conduct constituted grounds for discipline. The factual stipulations regarding the twenty-three complaints are summarized below.

 

## A.

### Failure to enter a proper fee agreement

In Matters I and XXIII, Respondent accepted fees for the purpose of representing clients in a personal injury matter and a domestic matter, respectively, without entering a proper fee agreement.

## B.

### Failure to diligently handle client matters

In Matter I, Respondent was retained to represent a client in a personal injury matter. Respondent failed to settle the case or file appropriate pleadings before the expiration of the statute of limitations.

In Matter XX, Respondent was hired to recover forfeited monies on behalf of a client. Respondent failed to take any action to protect his client's interests in the forfeiture proceedings, and an order of default was signed. Eighteen months after the entry of default, Respondent filed a motion to set aside the default judgment; however, he failed to ensure the motion was properly served upon the opposing party.

## C.

### Failure to timely return client files

In Matters II and XVII, Respondent failed to timely return client files and other original documents.

## D.

### Failure to file a corrected affidavit and follow the court's instructions

In Matter III, Respondent was retained by a client to file an action for custody. Based on information from his client, Respondent drafted an affidavit, which the client signed, and filed a motion for emergency relief. The client thereafter informed Respondent that some of the information contained in the affidavit needed to be corrected; however, Respondent failed to file a corrected affidavit with the court.

Additionally, after receiving the motion for emergency relief, the judge instructed Respondent to have his client contact the Department of Social Services (DSS) regarding her concerns for the child's safety. Respondent failed to adhere to the judge's instructions. Instead of advising his client to contact DSS directly, as the judge instructed, Respondent faxed a copy of the cover sheet and motion to DSS himself.

## E.

### Failure to appear for a hearing

In Matter XV, Respondent was retained to represent a client in a child support action. A hearing in the matter was scheduled in Spartanburg County. At the same day and time, Respondent was scheduled to appear in General Sessions court in Greenville County with another client. Respondent failed to advise the court of his Greenville County appearance and, instead, instructed his client to inform the DSS caseworker that he would be running late. Respondent did not arrive until after the hearing was concluded.

## F.

### Failure to adequately communicate

In Matter I, a client sought a status report regarding her case, and Respondent misled the client into believing he had filed pleadings on her behalf. Further, Respondent acknowledged he failed to maintain adequate communication with his clients in Matters I, II, VI, and XVII. Additionally, in Matters XVI, XXI, and XXIII, the attorney/client relationship was terminated by the client due to problems communicating with Respondent.

## G.

### Failure to timely refund unearned fees

Certificates of non-compliance were issued against Respondent based on his failure to comply with orders of the South Carolina Bar Resolution of Fee Disputes Board (the Board), which required him to refund fees totaling more than $16,900 to former clients in Matters VIII, XI, XII, XVI, XVIII, XIX,

and XXII. Respondent has since paid the full amount of the award in each of those matters.

In Matter VI, Respondent was paid a $2,500 retainer fee to represent a client regarding pending criminal charges. Subsequently, Respondent was relieved as counsel and voluntarily refunded $1,000 to the client. The client thereafter filed a claim with the Board, and Respondent was ordered to refund the remaining $1,500 to the client. Approximately twelve months later, the Board issued a certificate of non-compliance against Respondent based on his failure to comply with the Board's order. Respondent paid the full amount of the award prior to his hearing before the Panel.

In Matter VII, Respondent was paid a $1,500 retainer fee to represent a client in a domestic matter. Subsequently, the client submitted a claim with the Board and was awarded a refund of the entire fee. Additionally, in Matters XXI and XXIII, Respondent failed to refund unearned fees to former clients, even though no refund claims were filed with the Board. It is unclear whether Respondent has refunded the unearned fees in these three matters.

## H.

### Failure to respond

Respondent failed to timely respond to initial inquiries by ODC in Matters IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, and XV. In each matter, Respondent was sent an additional letter pursuant to *In re Treacy*,[1] reminding him to submit a written response. Respondent eventually responded in each of the matters, although in some instances, a response was not received for up to nine months.

## II.

At the August 2010 hearing, the Panel considered two aggravating factors: Respondent's disciplinary history involving similar misconduct and the large number of complaints involving multiple violations of the same rules. In mitigation,

---

1.  277 S.C. 514, 290 S.E.2d 240 (1982) (declaring that failure to respond to disciplinary inquiries is misconduct and grounds for sanction).

the Panel considered Respondent's testimony regarding "personal or emotional problems" and his expression of remorse.

The Panel recommended Respondent receive a definite three-month suspension. In addition, the Panel recommended Respondent be ordered to pay costs and, as a condition of reinstatement, complete the Legal Ethics and Practice Program Ethics School and Trust Account School. The Panel also recommended that, upon reinstatement, Respondent be appointed a mentor approved by the Commission on Lawyer Conduct who shall monitor Respondent for a period of one year and issue quarterly progress reports.[2]

## III.

"The authority to discipline attorneys and the manner in which the discipline is given rests entirely with this Court." *In re Boney*, 390 S.C. 407, 414, 702 S.E.2d 241, 244 (2010). "The Court has the sole authority to decide the appropriate sanction after a thorough review of the record." *Id.* (internal quotations omitted). "The Court is not bound by the panel's recommendation and may make its own findings of fact and conclusions of law." *Id.* This Court "may accept, reject, or modify in whole or in part the findings, conclusions and recommendations of the Commission." Rule 27(e)(2), RLDE, Rule 413, SCACR.

## IV.

Respondent admits his misconduct constitutes grounds for discipline under the Rules of Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (lawyer shall not violate the Rules of Professional Conduct), Rule 7(a)(5) (lawyer shall not engage in conduct tending to pollute the administration of justice or conduct demonstrating an unfitness to practice law), and Rule 7(a)(10) (lawyer shall not willfully fail to comply with a final decision of the Board).

---

2. Specifically, the Panel recommended the mentor's quarterly reports to the Commission on Lawyer Conduct include, but not be limited to, the following issues: (1) communication with clients; (2) organizational skills; (3) stress management; (4) concentration and focus, along with personal or outside distractions; (5) recognition of professional limitations; and (6) management of clients' and others' expectations.

In addition, Respondent admits he violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to client), Rule 1.2 (lawyer shall pursue client's objectives), Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client), Rule 1.4 (lawyer shall consult with client about objectives of representation, keep client reasonably informed about status of a matter, and promptly comply with reasonable requests for information), Rule 1.5 (lawyer shall communicate to client the scope of representation and the basis for fee), Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation), Rule 8.1(b) (lawyer shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority), and Rule 8.4(a) (lawyer shall not violate the Rules of Professional Conduct).

Both Respondent and ODC object to the Panel's recommendation that Respondent receive a definite three-month suspension from the practice of law. ODC requests that the Court impose a definite suspension of greater than three months and adopt all of the Panel's other recommendations. Respondent requests that the Court consider a sanction ranging from a private admonition to a public reprimand.[3]

We concur in the Panel's findings that Respondent's prior disciplinary history [4] and pattern of misconduct are aggravating factors. Further, we are troubled by Respondent's habitual recalcitrance to respond to inquiries by ODC. We also consider Respondent's testimony in mitigation, although we do not believe the mitigation justifies a three-month suspension. We view the mitigation testimony alongside Respondent's

---

3. Respondent does not object to any of the Panel's other recommendations.

4. Respondent's disciplinary history includes an April 2004 confidential admonition citing Rules 3.3(d) and 8.4(a), upon which we may rely in imposing a sanction. "[A]n admonition may be used in subsequent proceedings as evidence of prior misconduct solely upon the issue of sanction to be imposed." Rule 7(b)(5), RLDE, Rule 413, SCACR. Additionally, in July 2002, Respondent entered into a Deferred Disciplinary Agreement, citing the following Rules of Professional Conduct: 1.2, 1.3, 1.4, 5.1, 5.3, and 7.3. *See In re Thornton*, 342 S.C. 440, 538 S.E.2d 4 (2000) (considering prior Deferred Disciplinary Agreement involving similar misconduct in concluding that Respondent's disciplinary history demonstrated a pattern of misconduct).

persistent pattern of failures to communicate adequately with his clients, to exercise appropriate diligence in pursuing their objectives, to timely refund unearned fees, and to cooperate with ODC.

Accordingly, in light of the multitude of complaints (twenty-three) involving repeated violations of the same rules, we find a nine-month definite suspension is an appropriate sanction for Respondent's misconduct. *See, e.g., In re Braghirol,* 383 S.C. 379, 680 S.E.2d 284 (2009) (imposing a nine-month suspension where lawyer failed to communicate adequately with a client, failed to return client documents, failed to appear for scheduled court hearings, failed to refund fees to a client as ordered by the Board, and failed to respond to inquiries by ODC); *In re Sturkey,* 376 S.C. 286, 657 S.E.2d 465 (2008) (imposing a nine-month suspension where, in eight matters, lawyer failed to communicate with his clients, failed to pursue their objectives, and failed to respond to inquiries by ODC); *In re Conway,* 374 S.C. 75, 647 S.E.2d 235 (2007) (imposing a nine-month suspension where lawyer failed to pay court reporter, failed to safeguard client files, failed to file suit on client's behalf and failed to respond to charges); *In re Cabaniss,* 369 S.C. 216, 632 S.E.2d 280 (2006) (imposing a twelve-month suspension where, in nine separate matters, lawyer failed to communicate adequately with his clients, failed to diligently and promptly pursue their objectives, and failed to respond to inquiries by ODC); *In re Moise,* 355 S.C. 352, 585 S.E.2d 287 (2003) (imposing a nine-month suspension where lawyer failed to communicate adequately with his clients and failed to diligently pursue their objectives in nine matters, failed to timely refund unearned fees in four matters, and failed to respond to inquiries by ODC in seven matters); *In re Newell,* 349 S.C. 40, 562 S.E.2d 308 (2002) (imposing a nine-month suspension where lawyer failed to communicate adequately with five clients, failed to timely file and handle four client matters, failed to refund unearned fees, and failed to respond to inquiries by ODC); *cf. In re Sims,* 380 S.C. 61, 668 S.E.2d 408 (2008) (imposing a ninety-day suspension where lawyer failed to communicate adequately with a client, failed to timely file and handle a client matter, failed to refund unearned fees to a client and failed to respond to inquires by ODC in two matters).

## V.

We hereby suspend Respondent from the practice of law for a period of nine months. Within fifteen days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing he has complied with Rule 30, RLDE, Rule 413, SCACR.

We further impose as a condition of reinstatement completion of the Legal Ethics and Practice Program Ethics School and Trust Account School.[5] Upon reinstatement to the practice of law, Respondent shall complete twelve months of mentoring in accordance with the Panel's recommendations. We hereby authorize the Panel to extend the mentoring requirement at the conclusion of the twelve–month period if it deems it necessary. We order Respondent to pay the costs of these disciplinary proceedings to the Commission on Lawyer Conduct within sixty days of the date of this opinion.

**DEFINITE SUSPENSION.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.

---

5. As an additional condition of reinstatement, Respondent shall refund the unearned fees in Matters VII, XXI, and XXIII to the extent he has not already done so.