753 S.E.2d 532

**In the Matter of Shana Denice JONES–BURGESS, Respondent.**

**Appellate Case No. 2013–002353.**

**No. 27349.**

Supreme Court of South Carolina.

Submitted Nov. 22, 2013.

Decided Jan. 15, 2014.

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Shana Denice Jones–Burgess, of Conway, pro se.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of a public reprimand or definite suspension not to exceed twelve (12) months, and she requests any suspension be made retroactive to July 26, 2012, the date of her interim suspension. *In the Matter of Jones–Burgess*, 399 S.C. 1, 731 S.E.2d 592 (2012). In addition,

respondent agrees to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission) within thirty (30) days of the imposition of discipline. She further agrees to pay restitution prior to seeking reinstatement or returning to the active practice of law. We accept the Agreement and suspend respondent from the practice of law in this state for twelve (12) months, retroactive to the date of her interim suspension, and impose the conditions as specified hereafter in this opinion. The facts, as set forth in the Agreement, are as follows.

## *Facts*

### *Matter I*

In March 2009, respondent was retained to represent Client A in a domestic matter and was paid $1,900.00 of the agreed $3,000.00 representation fee. Respondent failed to keep Client A reasonably informed about the status of Client A's case and failed to diligently represent Client A. Client A terminated respondent's service prior to the filing of the action. Respondent failed to refund Client A's fees and expenses that were not yet earned or incurred.

On October 11, 2010, respondent was mailed a Notice of Investigation requesting a response to the complaint within fifteen (15) days. When no response was received, respondent was served with a letter pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), again requesting respondent's response. Respondent's written response was received by ODC on December 22, 2010, fifty-seven (57) days after the original due date.

### *Matter II*

Respondent was retained to represent Client B in a social security disability matter. Respondent failed to keep Client B reasonably informed about the status of Client B's case. Respondent also failed to act diligently and failed to file a disability appeal claim pursuant to Client B's request. Client B terminated respondent's service and hired new counsel to complete her case. Client B did not pay respondent advance fees or costs.

On December 7, 2010, respondent was mailed a Notice of Investigation requesting a response to the complaint within fifteen (15) days. When no response was received, respondent was served with a letter pursuant to *In the Matter of Treacy, id.*, again requesting respondent's response. Respondent failed to file a written response to the Notice of Investigation despite the *Treacy* letter. Respondent did appear and give testimony under oath concerning the complaint on March 31, 2011.

### Matter III

In January of 2009, respondent was retained to represent Client C in an adoption action. Respondent was paid in full for her representation. Respondent failed to adequately communicate with Client C and failed to act diligently and failed to timely finalize the adoption.

### Matter IV

In July of 2007, respondent was retained to represent Client D in a domestic action. Respondent was paid $3,200.00 for the representation.

Respondent failed to adequately communicate with or return Client D's telephone calls. Respondent also failed to diligently pursue Client D's domestic action.

When respondent became ill, the Family Court enlisted the help of the Horry County Bar to take over respondent's active cases. A substitute attorney was appointed on Client D's case and the case has now been resolved.

On August 17, 2011, respondent was mailed a Notice of Investigation requesting a response to the complaint within fifteen (15) days. When no response was received, respondent was served with a letter pursuant to *In the Matter of Treacy, id.*, on September 6, 2011, again requesting respondent's response. Respondent's written response was received by ODC on September 21, 2011, twenty (20) days after the original due date.

### Matter V

As outlined in Matter IV, respondent was retained to represent a client in a domestic action. The client paid respondent

$1,000.00 for Guardian ad Litem fees. Respondent failed to pay the Guardian the collected fees, failed to keep the collected fees in her trust account, and failed to safeguard the fees belonging to the client and/or Guardian ad Litem.

On September 11, 2012, respondent was mailed a Notice of Investigation requesting a response to the complaint within fifteen (15) days. When no response was received, respondent was served with a letter pursuant to *In the Matter of Treacy, id.,* again requesting respondent's response. Respondent failed to respond to the Notice of Investigation despite the *Treacy* letter.

## Matter VI

In January of 2011, respondent was retained to represent Client E in a domestic action. Respondent was paid $1,200.00 for the representation. Respondent failed to adequately communicate with Client E and failed to diligently pursuant Client E's domestic action.

Respondent closed her law office but failed to timely notify Client E of a new address or contact number. She also failed to return Client E's file. When respondent became ill, the Family Court enlisted the help of the Horry County Bar to assist with respondent's active cases. A substitute attorney was appointed on Client E's case and the case has now been resolved.

## Matter VII

Respondent was retained to represent Client F in a disability action. Respondent failed to keep Client F reasonably informed about the status of the client's case. Respondent also failed to diligently pursue Client F's disability action. Respondent closed her law office but failed to timely notify Client F of a new address or contact number. Client F terminated respondent's service and hired new counsel to complete his case. Client F did not pay respondent any advance fees or costs.

On February 28, 2012, respondent was mailed a Notice of Investigation requesting a response to the complaint within fifteen (15) days. At respondent's request, a thirty (30) day extension was granted and respondent was notified her re-

sponse would be due on or before March 29, 2012. When no response was received, respondent was served with a letter pursuant to *In the Matter of Treacy, id.,* again requesting respondent's response. Respondent failed to respond to the Notice of Investigation despite the *Treacy* letter.

### Matter VIII

On May 29, 2008, respondent was retained to represent Client G in a domestic action. Respondent was paid $1,650.00 for the representation. In January of 2009, Client G paid respondent an additional $1,125.00 to file for a change of venue. Respondent failed to adequately communicate with Client G and failed to return numerous telephone calls to Client G. Respondent also failed to diligently pursue the divorce action and to comply with the client's reasonable requests for information.

In October of 2011, Client G terminated respondent's services and requested her file, a time sheet, and any unearned retainer fees. Client G received her file but never received a time sheet or any reimbursement of fees from respondent. On March 6, 2012, respondent was mailed a Notice of Investigation requesting a response to the complaint within fifteen (15) days. At respondent's request, a thirty (30) day extension was granted and respondent was notified that her response would be due on or before April 20, 2012. When no response was received, respondent was served with a letter pursuant to *In the Matter of Treacy, id.,* again requesting respondent's response. Respondent failed to respond to the Notice of Investigation despite the *Treacy* letter.

### Matter IX

In October 2011, respondent was retained to represent Client H in a domestic action. Respondent failed to adequately communicate with Client H, failed to return numerous telephone calls to Client H and failed to diligently pursue Client H's divorce action. Respondent closed her law office but failed to timely notify Client H of a new address or contact number.

When respondent became ill, the Family Court enlisted the help from the Horry County Bar to take over respondent's active cases. A substitute attorney was appointed on Client H's case and the case is now completed.

On March 6, 2012, respondent was mailed a Notice of Investigation requesting a response to the complaint within fifteen (15) days. At respondent's request, a thirty (30) day extension of time was granted and respondent was notified that her response would be due on or before April 20, 2012. When no response was received, respondent was served with a letter pursuant to *In the Matter of Treacy, id.*, against requesting respondent's response. Respondent failed to respond to the Notice of Investigation despite the *Treacy* letter.

## Matter X

In March 2010, respondent was retained to represent Client I in a domestic action. Respondent was paid $1,400.00 for the representation. Client I met with respondent in November 2011 and has had no contact with respondent since that time. Respondent closed her law office but failed to timely notify the client of a new address or contact number.

On March 27, 2012 respondent was mailed a Notice of Investigation requesting a response to the complaint within fifteen (15) days. When no response was received, respondent was served with a letter pursuant to *In the Matter of Treacy, id.*, again requesting respondent's response. Respondent failed to respond to the Notice of Investigation despite the *Treacy* letter.

## Matter XI

In March 2009, respondent was retained to represent Client J and her husband in an adoption action. It was agreed, Client J would make monthly payments towards the quoted fee of $3,150.00 before respondent would begin work on the case. In April 2010, respondent agreed to begin the adoption proceedings. In September 2010, Client J paid the balance of the quoted retainer fee in full.

Respondent failed to adequately communicate with Client J and failed to keep Client J reasonably informed regarding the status of the case. In April 2012, Client J went to respondent's office and discovered the law office was closed. Respondent had closed her law office but failed to notify Client J of a new address or contact number. Respondent also failed to refund Client J's fees and expenses that had yet been earned or incurred.

On March 13, 2013, respondent was mailed a Notice of Investigation requesting a response to the complaint within fifteen (15) days. When no response was received, respondent was served with a letter pursuant to *In the Matter of Treacy*, *id.*, again requesting respondent's response. Respondent failed to respond to the Notice of Investigation despite the *Treacy* letter.

### *Law*

■ Respondent admits that by her conduct she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (lawyer shall keep client reasonably informed about status of case and promptly comply with reasonable requests for information); Rule 1.15 (lawyer shall hold property of clients or third persons that is in lawyer's possession in connection with a representation separate from lawyer's own property and shall promptly deliver funds deliver to client or third person any funds or other property that the client or third person is entitled to receive); Rule 1.16 (upon termination of representation, lawyer shall take steps to the extent reasonably practicable to protect client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled, and refunding any advance payment of fee or expense that has not been earned or incurred); Rule 8.1(b) (lawyer shall not knowingly fail to respond to lawful demand for information from a disciplinary authority); Rule 8.4(a) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct); and Rule 8.4(e) (it shall be ground for discipline for lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent also admits she has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

### *Conclusion*

■ While we do not condone respondent's failure to diligently protect the interests of her clients and timely respond to inquiries from ODC, we recognize that, during the period of

time reported in this opinion, respondent was battling several serious and recurring health concerns and related treatment. Accordingly, we accept the Agreement for Discipline by Consent and suspend respondent from the practice of law for twelve (12) months retroactive to date of her interim suspension.[1] In addition, respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission within thirty (30) days of the date of this order.

Prior to filing a Petition for Reinstatement, respondent shall pay restitution as follows: a) Client A-$1,900.00; b) Client G-$1,650.00; c) Client I-$1,400.00; d) Guardian ad Litem (Matter V)$1,000.00; and e) Client J-$3,150.00. The amount due to these individuals shall be reduced by any payments made to the individuals by the Lawyers' Fund for Client Protection (Lawyers' Fund). Should the Lawyers' Fund reimburse any of these individuals, respondent shall reimburse the Lawyers' Fund for all payments before filing a Petition for Reinstatement.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.

---

1. Respondent's disciplinary history includes a 2010 confidential admonition citing Rules 1.4, 5.3, and 8.1, RPC, upon which the Court may rely in imposing a sanction. *See* Rule 7(b)(4), RLDE (admonition may be used in subsequent proceedings as evidence of prior misconduct solely upon issue of sanction to be imposed). In addition, respondent received a letter of caution in 2007 warning her to be careful to adhere to the requirements of Rules 1.3, 1.4, and 8.4(a), RPC, indicating misconduct relevant to the misconduct in the current Agreement. *See* Rule 2(r), RLDE (fact that letter of caution has been issued shall not be considered in a subsequent disciplinary proceeding against lawyer unless the caution or warning contained in letter of caution is relevant to the misconduct alleged in proceedings). Respondent also entered into a Deferred Discipline Agreement in 2009 citing Rules 1.2, 1.3, 1.4, 8.1(b), and 8.4(a), RPC, indicating misconduct relevant to the misconduct in the current Agreement. *See In the Matter of Toney*, 396 S.C. 303, 721 S.E.2d 437 (2012) (Court considered prior Deferred Discipline Agreement involving similar misconduct in concluding that lawyer's disciplinary history demonstrated a pattern of misconduct).