# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of William D. Rhoad, IV, Respondent.

Appellate Case No. 2014-002478

---

Opinion No. 27482
Submitted December 1, 2014 – Filed January 21, 2015

---

## PUBLIC REPRIMAND

---

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

William D. Rhoad, IV, Esquire, of Bamberg, pro se.

---

**PER CURIAM:**   In this attorney disciplinary matter, the Office of Disciplinary Counsel and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to the imposition of a confidential admonition or public reprimand with conditions. We accept the Agreement and issue a public reprimand with conditions as stated hereafter in this opinion.  The facts, as set forth in the Agreement, are as follows.

## Facts

### Matter I

Client A retained respondent to represent him in a case against an insurance company.  Respondent was also retained to represent Client A's wife in a personal injury case.  Respondent failed to keep Client A and his wife reasonably informed regarding the status of their cases.  When Client A and his wife became dissatisfied

with respondent's services, they terminated respondent's representation and requested a return of their files.

Respondent has not returned the files to Client A or his wife. Respondent asserts that the files have not been returned because, in spite of his best efforts and the efforts of his staff, neither the file for Client A nor his wife can be located.

## Matter II

Complainant B retained respondent for representation in a slip and fall case. On behalf of Complainant B, respondent signed a consent motion to strike the case from the active court docket pursuant to Rule 40(j), SCRCP. The consent order to strike the case was signed by the trial judge on October 30, 2008. At respondent's request, opposing counsel consented to and signed a consent order to restore the case to the active docket just prior to the expiration of the one year deadline. Respondent failed to file the consent order and the case was not restored within the one year period. Complainant B's case eventually settled for far less than the original offer of settlement.

## Matter III

Respondent represented Client C in a domestic matter. A final hearing was held in Family Court on February 4, 2013. Respondent was instructed by the Family Court judge to prepare the divorce decree. On June 25, 2013, the Clerk of Court sent a notice to respondent and opposing counsel notifying them that the case was more than 365 days old and would be dismissed if a request for a final hearing was not made within thirty days. Respondent did not advise the Clerk of Court or the Family Court that a final hearing had been held in February and respondent did not submit a final order to the judge as instructed. An order of dismissal was signed by the Chief Administrative Judge on July 31, 2013. Client A learned of the dismissal when she attempted to get a copy of her divorce decree from the Clerk of Court's office.

Respondent represented Client D in a domestic matter. A final hearing was scheduled in Family Court for October 22, 2013. Client D appeared for the hearing, but respondent failed to appear despite notice of the hearing from the Court, the scheduling clerk, and email correspondence from opposing counsel. Client D proceeded with the hearing pro se. At the conclusion of the hearing, Client D informed the Family Court that he was unable to make contact with respondent and his telephone messages to respondent had not been returned.

Respondent acknowledges that he was notified of the correct date and time for the hearing but mistakenly believed the hearing was scheduled for 2:00 in the afternoon, instead of the correct time in the morning.

On October 29, 2013, the Notice of Investigation was mailed to respondent requesting a response within fifteen days. When no response was received, ODC sent respondent a letter by certified mail on December 2, 2013, reminding respondent of his obligation to respond and citing In the Matter of Treacy, 277 S.C. 514, 290 S.E.2d 240 (1982). Respondent's response was received on December 3, 2013.

## Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to client); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.4 (lawyer shall keep client reasonably informed about status of matter and promptly comply with reasonable requests for information); Rule 1.16(c) (lawyer must comply with applicable law requiring notice to or permission of tribunal when terminating a representation); Rule 1.16(d) (upon termination of representation, lawyer shall take steps as reasonably practicable to protect client's interests such as surrendering papers to which client entitled); Rule 3.4(c) (lawyer shall not knowingly disobey obligation under rules of tribunal); Rule 8.1(b) (lawyer shall not knowingly fail to respond to lawful demand for information from disciplinary authority); Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to administration of justice).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## Conclusion

We find respondent's misconduct warrants a public reprimand.[1] Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct.

---

[1] Respondent's disciplinary history includes a deferred disciplinary agreement in 2011 which cites some of the same Rules of Professional Conduct contained in the

In addition, respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission) within thirty (30) days of the date of this opinion.  Further, he shall complete the Legal Ethics and Practice Program Ethics School within nine (9) months of the date of his opinion and provide certification of completion of the program to the Commission no later than ten (10) days after the conclusion of the program.

**PUBLIC REPRIMAND.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**

---

current Agreement.  In the Matter of Toney, 396 S.C. 303, 721 S.E.2d 437 (2012) (Court can consider prior deferred disciplinary agreement involving similar misconduct in concluding lawyer's disciplinary history demonstrates pattern of misconduct).