# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Paul Winford Owen, Jr., Respondent.

Appellate Case No. 2016-001060

Opinion No. 27650
Submitted June 23, 2016 – Filed July 20, 2016

## PUBLIC REPRIMAND

Lesley M. Coggiola, Disciplinary Counsel, and William C. Campbell, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

John P. Freeman, Esquire, of Columbia, for Respondent.

**PER CURIAM:**   In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to the imposition of an admonition or public reprimand with conditions.  We accept the Agreement and issue a public reprimand with conditions as set forth hereafter in this opinion.  The facts, as set forth in the Agreement, are as follows.

## Facts

By order dated October 27, 2015, respondent was sanctioned by the Honorable David R. Duncan, a judge of the United States Bankruptcy Court for the District of South Carolina, and assessed a fine of $5,000.00.  The sanction arose out of respondent's conduct in a bankruptcy court hearing held on August 25, 2015.  At

the time of the hearing, the parties were in binding arbitration and respondent's arguments were still under consideration by the arbitrator. Nevertheless, during the bankruptcy hearing, respondent made arguments based on the United States Supreme Court decision in *Jesinoski v. Countrywide Home Loans*, 574 U.S. ___, 135 S.Ct. 790, 190 L.Ed.2d 650 (2015). Respondent admits the arbitration proceeding was the sole forum before which to raise his argument under *Jesinoski* and that he should not have presented the *Jesinoski* argument to the bankruptcy court. As a result of respondent's conduct, the bankruptcy court and opposing party were required to endure a proceeding which was groundless.

Further, respondent admits that, at the hearing, he told Judge Duncan he was proceeding at the direction of the Bankruptcy Trustee when, in actuality, he was responsible for the argument. Respondent later wrote a letter to Judge Duncan in which he called attention to his misstatement and apologized to all concerned.

Respondent acknowledges the Court deserves no less than complete, candid disclosures which are truthful at the time they are made. He agrees his misstatement regarding the Bankruptcy Trustee was not excused by his corrective disclosure in his letter to the bankruptcy court.

## Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation); Rule 3.1 (lawyer shall not bring or defend proceeding, or assert or controvert an issue therein, unless there is basis in law and fact for doing so that is not frivolous); Rule 3.3 (lawyer shall not knowingly make false statement of fact to tribunal); Rule 3.4 (lawyer shall not knowingly disobey obligation under rules of tribunal); 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct); Rule 8.4(d) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (lawyer shall not engage in conduct prejudicial to administration of justice).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## Conclusion

We find respondent's misconduct warrants a public reprimand.[1]  Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct. Within thirty (30) days of the date of this opinion, respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (Commission).  Within six (6) months of the date of this opinion, respondent shall complete the Legal Ethics and Practice Program Ethics School and shall provide proof of completion of the program to the Commission no later than ten (10) days after the program has concluded.

**PUBLIC REPRIMAND.**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN and FEW, JJ., concur.**

---

[1] Respondent's disciplinary history includes an admonition issued in 2007.  *See* Rule 7(b)(4), RLDE (admonition may be used in subsequent proceeding as evidence of prior misconduct solely upon issue of sanction).  Further, in 2005, he entered into a deferred disciplinary agreement which cites some of the Rules of Professional Conduct respondent admits violating in the current matter.  *See In the Matter of Toney*, 396 S.C. 303, 721 S.E.2d 437 (2012) (Court can consider prior deferred disciplinary agreement involving similar misconduct in concluding lawyer's disciplinary history demonstrates pattern of misconduct).