# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Paul Winford Owen, Jr., Respondent

Appellate Case No. 2017-001453

---

Opinion No. 27760
Submitted July 11, 2017 – Filed January 10, 2018

---

## PUBLIC REPRIMAND

---

John S. Nichols, Disciplinary Counsel, and Charlie Tex
Davis, Jr., Senior Assistant Disciplinary Counsel, both of
Columbia, for Office of Disciplinary Counsel.

J. Steedley Bogan, of Columbia, for Respondent.

---

**PER CURIAM:**    In this attorney disciplinary matter, respondent and the Office
of Disciplinary Counsel have entered into an Agreement for Discipline by Consent
(Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to
the imposition of a public reprimand.  We accept the Agreement and issue a public
reprimand.[1]  The facts, as set forth in the Agreement, are as follows.

---

[1] Respondent's disciplinary history includes an admonition in February 2007, citing
the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a
lawyer shall provide competent representation to a client; competent representation
requires the legal knowledge, skill, thoroughness and preparation reasonably
necessary for the representation), Rule 1.3 (a lawyer shall act with reasonable
diligence and promptness in representing a client), Rule 1.4 (a lawyer shall
communicate in a reasonable manner with a client), 8.4(a) (it is professional
misconduct for a lawyer to violate or attempt to violate the Rules of Professional

## Facts

In March 2011, respondent filed a civil action in the circuit court in Orangeburg County, alleging various claims against a company that sold above-ground swimming pools.  Respondent issued seventeen subpoenas for the production of documents to other customers of the company, certifying in each subpoena that it was issued in compliance with Rule 45 of the South Carolina Rules of Civil Procedure (SCRCP) and that notice as required by Rule 45(b)(1) had been given to all parties.  However, respondent failed to provide prior notice to opposing counsel, and in fact, did not provide copies of the subpoenas to opposing counsel until July 2011, after multiple requests from opposing counsel.

## Law

Respondent admits that he failed to comply with the requirements of Rule 45, SCRCP.  He also admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 3.4(c)(a lawyer shall not knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists); Rule 4.1(a)(in the course of representing a client a lawyer shall not knowingly make a false statement of material fact or law to a third person); Rule 8.4(d)(it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e)(it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of

---

Conduct, knowingly assist or induce another to do so, or do so through the acts of another), and 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice); a letter of caution in September 2014, citing Rule 1.3, RPC; and a public reprimand in July 2016, *see In the Matter of Owen*, 417 S.C. 85, 789 S.E.2d 48 (2016), citing Rule 1.1, Rule 3.1 (a lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law), Rule 3.3 (a lawyer shall exercise candor toward the tribunal), Rule 3.4 (a lawyer shall not engage in conduct that is unfair to an opposing party or counsel), and Rule 8.4(a), (d) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation), and (e), RPC. *See* Rule 2(r), RLDE; Rule 7(b)(4), RLDE.

justice).  Finally, respondent admits he has violated Rule 7(a)(1) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, which provides that it is a ground for discipline for a lawyer to violate the Rules of Professional Conduct, Rule 407, SCACR, or any other rules of this jurisdiction regarding professional conduct of lawyers.

## Conclusion

We find respondent's misconduct warrants a public reprimand.  Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**